UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 16-64-DLB

JUSTIN COOTS                                                                                          PLAINTIFF

vs.                              <u>MEMORANDUM OPINION AND ORDER</u>

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                                          DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**I.   Introduction**

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. Defendant, the Acting Commissioner of Social Security, moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim as to which relief can be granted, asserting that it was filed beyond the time limit permitted by 42 U.S.C. § 405(g) (Doc. # 10). Plaintiff having filed his response to the motion, seeking application of equitable principles (Doc. # 11), and Defendant having filed her reply (Doc. # 12), the motion is ripe for review. For the reasons that follow, Defendant's motion to dismiss will be **granted**.

**II.   Factual and Procedural Background**

On August 20, 2014, an administrative law judge (ALJ) issued a decision denying Plaintiff's claim for benefits under Titles II and XVI. Plaintiff appealed to the SSA Appeals Council, which, on December 21, 2015, sent him a notice stating that it would not review

the decision. This action by the Appeals Council rendered the ALJ's decision the "final decision" of the Commissioner.

The notice was mailed to the Plaintiff at P.O. Box 143, Yeaddiss, KY 41777-0143, and explained both that the decision was now final, and that Coots had sixty days to contest it in court, unless he could show that he did not receive the notice within the five day grace period. If so, then he could "ask the Appeals Council to extend his time to file." If not, then he would have to file his suit within sixty-five days—or, by February 24, 2016. Plaintiff did not request any extension to file a civil action as explained in the notice. Rather, he thereafter filed his complaint on April 19, 2016, almost two months late.

In his response to the Commissioner's motion, Plaintiff's counsel infers that Plaintiff must have moved which explains why he did not receive the Appeals Council's decision and no appeal was taken by the deadline. Counsel submitted a letter dated December 28, 2015, addressed to Coots' P.O. Box in Yeaddiss, Kentucky, advising him of the decision. (See Doc. # 11-1). Having heard no response from Coots, counsel reached out to Coots' mother on April 7, 2016 and was eventually able to reach Coots himself.

**III.    Analysis**

The federal government "is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Therefore, Congress decides how, and where, individuals may sue federal agencies. *See City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). When a person wants to sue the SSA, he must follow the rules that Congress set out in the Social Security Act. That Act includes a statute of limitations. 42 U.S.C. § 405(g). So if someone wants a federal court to review a final SSA decision, he must seek review "within sixty days after the mailing to him" of a notice of the decision,

or otherwise "within such further time as the [SSA] may allow." *Id.*  This time limit helps "move cases to a speedy resolution in a bureaucracy [the SSA] that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

However, two entities have the power to toll Section 405(g)'s time limit. The first is the SSA, which may choose to give an unsuccessful applicant more time to file his complaint in federal court. 42 U.S.C. § 405(g).  Here, the SSA has not given Coots such an extension, a point that Coots does not contest.  However, even if the SSA does not use its statutory power to toll the statute, the Court may use its equitable powers to do so. *Bowen*, 476 U.S. at 480 (finding such tolling "fully 'consistent with the overall congressional purpose'" of Section 405(g)).  This is the doctrine of equitable tolling.  Where the "equities in favor of tolling" are "great" enough, the Court can toll the statute itself. *Id.*

The question here is whether equitable tolling is warranted, and before the Court can properly answer that, it must find the right test.  In *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007), the Sixth Circuit opted for a five-factor balancing test when deciding whether to toll Section 405(g).  However, that test was taken from its prior habeas precedents.  *See Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).  More recently, the Supreme Court made a new test the law—for habeas tolling cases, at least. This test has two elements, both of which a tardy litigant must satisfy before a court will use its equitable-tolling power. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). The Court must consider, first, whether the litigant has "been pursuing his rights diligently," and, second, whether "some extraordinary circumstance" prevented him from filing on time. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (*quoting Holland*, 560 U.S. at 649).  And not just any old extraordinary circumstance, either. The circumstance must have

3

been "both extraordinary and beyond [the litigant's] control." *Id.* at 756. Although neither *Menominee* nor *Cook* specifically involved whether the two-part tolling test applies to Section 405(g), Judge Amul Thapar of our Court recently found that it does. *See Salyer v. Colvin*, 2016 WL 6990765 (ED KY Nov. 28, 2016). The Court agrees with Judge Thapar, and will apply the two part test set forth in *Menominee* to the facts here.

Coots is therefore entitled to equitable tolling if he has "been pursuing his rights diligently" but "some extraordinary circumstance stood in his way and prevented timely filing." *Menominee*, 136 S. Ct. at 755. A litigant satisfies the second part of the tolling test "only where the circumstances that caused [his] delay are both extraordinary and beyond [his] control." *Id.* at 756. Coots has failed to satisfy either prong.

First, not keeping your attorney appraised of your mailing address, which is what counsel infers, falls far short of conduct evidencing someone who is pursuing their rights diligently. To the contrary, it shows someone who really isn't interested in continuing his legal battle with the SSA. If appealing the case was so important to Coots, one would expect him to keep in contact with his attorney. Second, the circumstances which lead him to not receive the notice of the Appeals Council's decision were neither extraordinary nor most definitely beyond his control. Simply keeping his attorney appraised of his address or other contact information would have ameliorated the situation. Both of those simple steps were within his control. For these reasons, the Court concludes that Coots is not entitled to equitable tolling of the 60 day period set forth in Section 405(g).

## IV. Conclusion

Accordingly, for the reasons stated herein, **IT IS ORDERED** that the Commissioner's motion to dismiss this appeal (Doc. # 10) be, and is hereby **granted**. A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 14th day of February, 2017.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\SocialSecurity\MOOs\London\6-16-64 MOO granting MTD.wpd